IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 11-662-GMS ) |
| C/O ZEOBOUTY, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of Sept. , 2011;

IT IS ORDERED that the plaintiff is denied leave to proceed *in forma pauperis*, for the reasons that follow:

The plaintiff, James Arthur Biggins, ("Biggins"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983. (D.I. 2.) Biggins proceeds *pro se*, but failed to submit an application for leave to proceed without prepayment of fees. Biggins submitted an affidavit of indigence and imminent danger. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding

*in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

According to Court records, while incarcerated, Biggins has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: *Biggins v. Markell*, Civ. No. 09-245-GMS (D. Del. Feb. 9, 2011); *Biggins v. Campbell*, Civ. No. 99-872-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. No. 01-095-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. No. 99-112-GMS (D. Del. Aug. 24, 2000); *Biggins v. Maryland Dist. Court*, Civ. No. 99-476 (D. Del. Mar. 4, 1999); and *Biggins v. Withers*, Civ. No. 98-438-LON (D. Del. Oct. 1, 1998).

As a result, Biggins may not file another civil action *in forma pauperis* while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. The complaint alleges that Biggins received minor scratches on June 20, 2011, and was held in isolation from June 13 to June 27, 2011. It does not allege imminent harm at the time of the filing of the complaint which was filed on July 27, 2011. Hence, Biggins is not excused from the restrictions under § 1915(g).

Based upon the foregoing analysis, Biggins is **denied** leave to proceed *in forma pauperis*. Biggins is given **thirty** (30) days from the date of this order to pay the $350.00 filing fee. If Biggins does not pay the filing fee within that time, the complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

CHIEF, UNITED STATES DISTRICT JUDGE

-2-